Filed 6/9/15  P. v. Pillors CA3
Received for posting 8/31/15

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078236 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F03071) |
| v. | |
| DARNELL PILLORS, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), after the denial of defendant Darnell Maurice Pillors's petition for resentencing pursuant to Penal Code section 1170.18.[1]  Defendant filed a supplemental brief raising issues relating to the validity of his plea and the judgment.  We shall dismiss the appeal.

---

[1] Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

On June 19, 2014, defendant was sentenced to three years eight months in prison for making criminal threats (§ 422) while personally armed with a knife (§ 12022, subd. (b)(1)). Defendant also had a prior strike conviction. On December 8, 2014, defendant filed a petition for resentencing pursuant to section 1170.18. The trial court denied the petition "due to ineligibility based on: Current convictions."

Defendant filed a timely notice of appeal from this order. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. As we reference herein, defendant exercised his right to file a supplemental brief.

## DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] (*Anders*), is required only in the first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*); *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546].)

The right to *Anders/Wende* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel. (*Serrano, supra*, 211 Cal.App.4th at p. 500; *Ben C., supra*, 40 Cal.4th at pp. 536-537.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (§§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Defendant is not entitled to *Wende* review in such an appeal. (See *Serrano, supra*, at p. 501 [no *Wende* review for denial of post conviction motion to vacate guilty plea pursuant to section 1016.5].)

Applying *Serrano* here, we note that the "appeal before us, although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Id.* at p. 501.) For this reason, defendant is not entitled to a *Wende* review of the denial of his petition for resentencing pursuant to section 1170.18. (*Ibid.*) Accordingly, we do not independently review the record for error.

Notwithstanding our conclusion that this particular appeal cannot trigger a right to independent *Anders/Wende* review, we shall still address the arguments raised by defendant in his supplemental brief. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503.) Defendant has challenged the validity of his plea and the judgment based on his allegation that his trial counsel did not inform him of the possibility of having his prior strike dismissed pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Nothing in defendant's supplemental brief suggests that there is an arguable issue on appeal from the order denying his petition for modification of the sentence pursuant to section 1170.18. Moreover, his claims are based upon matters outside the record, which we cannot consider on appeal. (*People v. Szeto* (1981) 29 Cal.3d 20, 35.) Nor can we consider contentions which challenge the validity of the plea, in the absence of a certificate of probable cause, which defendant did not obtain. (§ 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 74-77.)

Because neither defendant nor his counsel raise any claim of error with respect to the order from which the appeal was taken, we dismiss defendant's appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

    RENNER    , J.

We concur:

    BLEASE    , Acting P. J.

    MAURO    , J.